ON MOTION FOB CLARIFICATION

HARRIS, Judge.
We grant Appellee’s Motion for Clarification and enter this amended opinion.
Eugenio Yampierre was the owner of two vehicles, a Pontiac and a Nissan. He insured both vehicles with Seminole Casualty Insurance Company. In response to an inquiry on the insurance application as to who might regularly drive the vehicles, Eugenio listed his daughter, Teresa as the “designated driver” of the Nissan.[1] Subsequently, Teresa, while a passenger in the Pontiac being driven by her father, was injured in an accident allegedly caused in part by the negligence of her father.
Seminole brought an action for declaratory judgment to determine whether its policy covered the injury to Teresa because she was an “insured” under Eugenio’s policy. The trial court granted summary judgment in Seminole’s favor. We reverse.
Eugenio was the policy’s only “named insured.” The policy provided:
INSURING AGREEMENT
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident ...
*880 Even though the named insured was driving at the time of the accident, Seminole urges that this injury is excluded from the policy by the following exclusionary term:

EXCLUSIONS

We do not provide Liability Coverage:
[[Image here]]
15. For bodily injury or property damage or death sustained by any insured or any member of the family of an insured residing in the same household as the insured. (Emphasis added.)
Seminole contends that Teresa is an “any insured” placing her injury outside the coverage of the policy. In this appeal, we are not confronted with whether Teresa was a member of her father’s household. The trial court found that Teresa was a “covered person” within the policy terms. This was error. The only portion of the “covered person” provision that could possibly apply to Teresa was the portion that provided that “[a]ny person using your covered auto with your express or implied permission” would be covered.[2] The problem with applying this provision in this case, of course, is that at the time of the accident causing Teresa’s injuries, she was not “using” her father’s auto unless we conclude that being a passenger meets that test. Seminole does not urge us to go so far.
We do not agree that Teresa was an “any insured” under the policy provision. Although “any insured” (it was not defined by the policy) is to be construed broadly, its definition must nevertheless be somehow connected to, if not determined by, the other policy provisions. Does the mere naming of a person as a designated driver constitute such person as an additional insured under the policy? If so, why doesn’t the policy say so? It appears that such designation may be no more than merely advising the insurer that the insured has expressly permitted a certain person to regularly drive one of the insured vehicles so .that the insurer may apply the appropriate rate schedule. This interpretation is more consistent with the “covered person” portion of the policy which makes it clear that even the express or implied permission to drive an insured vehicle does not make one “covered” unless such person is actually driving the vehicle at the time of the accident.
Whether the policy excludes coverage for injuries to passengers who might also be designated as authorized drivers of other insured vehicles is ambiguous at best and should be construed most strongly against the insurer. See State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245 (Fla.1986) (exclusionary provisions which are ambiguous or otherwise susceptible of more than one meaning must be construed in favor of the insured).
REVERSED and REMANDED for further action consistent with this opinion.
DAUKSCH and GOSHORN, JJ., concur.

. Whether Teresa was excluded from coverage as a resident of her father’s household at the time of the injury is not before us on this appeal.

. The significance of this provision to this appeal is that it provides that even a stranger, if using the covered vehicle with the owner's consent, is "covered” by the policy. Does a prior designation really do any more?